FAUGNO & ASSOCIATES, L.L.C.
Paul Faugno, Esq.
120 State Street
Hackensack, NJ 07601
Tel.: 201-342-1969
Attorney for Plaintiffs
Sharon Corlette Shelton

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON CORLETTE SHELTON<br><br>Plaintiff<br><br>vs.<br><br>TRUMP PLAZA HOTEL & CASINO, TRUMP PLAZA ASSOCIATES, LLC., TRUMP ENTERTAINMENT & RESORTS, INC., JOHN DOE 1, (agent, servant and/or employee of Trump Plaza Hotel & Casino, Trump Plaza Associates, LLC, Trump Entertainment & Resorts, Inc. responsible for maintenance and/or repair of the flooring and carpeting in the hotel and casino) JOHN DOE 2 (a maintenance company and/or contractor employed by Trump Plaza Hotel & Casino, Trump Plaza Associates, LLC, Trump Entertainment & Resorts, Inc. to repair the floor and carpeting in the hotel and casino)<br><br>Defendants | CASE NO.:<br><br>COMPLAINT |

Plaintiff, Sharon Corlette Shelton, residing at 50 Dean Street, in the town of Islandia, in the State of New York, by way of complaint against the defendants says:

## PARTIES

1.  Plaintiff, Sharon Corlette Shelton, is an individual who resides at 50 Dean Street, Islandia, New York 11749.

2.  Trump Plaza Hotel & Casino, Trump Plaza Associates, LLC, and Trump Entertainment & Resorts, Inc., which operates its business in the city of Atlantic City, State of New Jersey.

3.  John Doe 1 and 2 upon information and belief and located in the state of New Jersey.

## FACTS

1.  The plaintiff repeats and reasserts the allegations contained in the Parties section of the Complaint as is set forth at length herein.

2.  On September 3, 2011, plaintiff, Sharon Corlette Shelton, herein after referred to as "Shelton", was walking on the premises owned by defendant Trump Plaza Hotel & Casino, Trump Plaza Associates, LLC, and Trump Entertainment & Resorts, Inc.

3.  At the aforesaid time and place, the plaintiff Shelton, was a guest of the defendants in their hotel and casino, and was traversing the hallway going to an elevator in a proper fashion.

4.  At such time, the plaintiff approached an area on the 21st floor of the hotel where the carpet was in a raised, rippled, or otherwise in an ill maintained condition which caused plaintiff's foot to trip causing her body to fall resulting in injuries.

## FIRST COUNT

1. Plaintiff, Shelton repeats and reasserts the allegations contained in the Parties section of the Complaint and Jurisdiction section of the Complaint and Factual Background section of the Complaint as is set-forth at length herein.

2. At the aforesaid time and place defendants owned, operated, managed, and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through its agents, servants and/or employees the premises located at 2500 Boardwalk, Atlantic City, New Jersey otherwise known as Trump Plaza Hotel and Casino.

3. At the aforesaid time and place, plaintiff Shelton was walking at said premises.

4. At the aforesaid time and place, the defendants individually and/or by and through its agents, servants and/or employees maintained the aforesaid premises including the carpeting on the 21st floor of the hotel in such a manner where the carpeting became/or caused a slip hazard in that the carpeting was not properly affixed to the floor, and in a raised, rippled, and otherwise defective condition. At the aforesaid time and place, as the plaintiff Shelton was traversing the premises in the area as set forth above, she was caused to slip and fall on the ground sustaining severe and permanent injuries. At the aforesaid time and place, the defendants individually and/or by and through its agents, servants and/or employees had a duty to maintain the aforementioned premises, including the carpeting, in a reasonably safe condition for persons walking on said premises to include the plaintiff Shelton herein.

5. At the aforesaid time and place, the defendants, as a maintainer of the aforementioned premises, either individually or through its agents, servants and/or

employees acted with less than reasonable care and was then guilty of one or more of the following careless negligent acts and/or omissions:

    A.    They negligently operated, managed, maintained and controlled the premises in failing to assure that the carpeting on the premises was in a proper condition.

    B.    To warn the plaintiff and other persons lawfully on said premises of the defective condition of the carpeting, when the defendant knew of should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the plaintiff.

    C.    To make reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the plaintiff and others lawfully on said premises and allowed said premises to remain in a defective and unsafe condition by failing to properly maintain the carpeting which had obviously fallen into state of disrepair for an unreasonable length of time and was otherwise careless and negligent in the operation of its premise.

6.    As a direct and proximate result of one or more of the foregoing acts or omissions of the defendants, plaintiff Shelton sustained severe and permanent injuries, both internally and externally, and was and will be hindered and prevented from attending to her usual duties and affairs in life.

7.    As a direct and proximate result of aforesaid careless and negligent acts the plaintiff, Shelton, suffered great pain and anguish, both in mind and body and will in the future continue to suffer.  Plaintiff further expended and will expend and will become

liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**WHEREFORE**, the plaintiff, Shelton, seeks judgment against the defendants for compensatory damages, consequential damages, suit, interest, and any other relief that the Court deems just and appropriate.

### JURY DEMAND

Plaintiff hereby demands trial by a jury of six (6) persons as to all issues.

>                                        FAUGNO & ASSOCIATES, L.L.C.
>                                        Attorney for Plaintiff,
>                                        Sharon Corlette Shelton

August 29, 2013                     By:   s/ Paul Faugno, Esq.
                                                Paul Faugno, Esq.